UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

SIERA DANIELS, ARIEL MITCHELL, and
JABRIEL MITCHELL,

                            Plaintiffs,

    -against-

CITY OF NEW YORK, RAFAL KORYCKI, Individually,
VICKRAM MANNI, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

24 CV 7001 (BMC)

<u>Jury Trial Demanded</u>

Plaintiffs SIERA DANIELS, ARIEL MITCHELL, and JABRIEL MITCHELL, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

### **Preliminary Statement**

1.    Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

### **JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SIERA DANIELS is a twenty-eight-year-old female residing in the State of New York.

7. Plaintiff ARIEL MITCHELL is a twenty-seven-year-old man residing in the State of New York.

8. Plaintiff JABRIEL MITCHELL is a twenty-four-year-old man residing in the State of New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants RAFAL KORYCKI , VICKRAM MANNI, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officers of said department and were acting under the supervision of

said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

14. On July 8, 2023, at approximately 3:00 p.m., plaintiff JABRIEL MITCHELL (hereinafter "JABRIEL") was present near 345 Thatford Avenue, Brooklyn, New York, when defendant NYPD officers RAFAL KORYCKI and VICKRAM MANNI approached him and other individuals standing near him and told them to move.

15. Although JABRIEL was not engaged in any criminal activity, he complied.

16. Despite JABRIEL's compliance, and notwithstanding that the defendant officers had no reason or authority to order plaintiff to do anything, defendant KORYCKI, along with defendant MANNI, continued to aggressively approach JABRIEL.

17. Despite the fact that JABRIEL was merely verbally and otherwise lawfully engaging with defendant KORYCKI, while otherwise complying with his directives, defendant KORYCKI demanded JABRIEL's identification and then proceeded to forcefully arrest him.

18. Defendant KORYCKI unreasonably grabbed JABRIEL and, *inter alia*, grabbed and choked JABRIEL, took him to the ground, and pushed his head and body aggressively into the ground, forcefully twisted his arm behind his back, and arrested him without probable cause,

placing him in overtight handcuffs.

19. JABRIEL was transported in NYPD custody to the 73rd precinct stationhouse, where he was held for approximately nine hours before he was released with a summons issued by defendant MANNI falsely charging him with disorderly conduct.

20. Sometime after JABRIEL's arrest, defendant KORYCKI approached plaintiffs SIERA DANIELS (hereinafter "SIERA") and ARIEL MITCHELL (hereinafter "ARIEL"), who were also present in the vicinity of 345 Thatford Avenue.

21. At the time defendant KORYCKI approached SIERA, she was seated in a motor vehicle with the door open and ARIEL was standing nearby.

22. Neither SIERA nor ARIEL were engaged in any illegal or suspicious activity.

23. A defendant officer nonetheless demanded that ARIEL produce his identification.

24. In response, ARIEL lawfully inquired as to why the defendant KORYCKI needed his identification.

25. In response to ARIEL's purely verbal and otherwise lawful response, defendant KORYCKI then needlessly and otherwise unreasonably pushed ARIEL up against the vehicle SIERA was seated in and arrested him without probable cause.

26. In addition, defendant KORYCKI unreasonably detained SIERA and searched SIERA's purse and the vehicle she had been seated in without probable cause or permission.

27. All of this occurred in the presence of SIERA's minor child, adding to the emotional distress caused by defendants' actions.

28. After his arrest, ARIEL was transported in NYPD custody to the 73rd Precinct stationhouse and was subsequently released with a summons issued by defendant MANNI falsely charging him with disorderly conduct.

29. As a result of the summonses maliciously issued to ARIEL and JABRIEL without probable cause, and which defendants forwarded to prosecutors and to Kings County Criminal Court, said plaintiffs were compelled to appear in Kings County Criminal Court on July 27, 2023, on which date the charges were dismissed and sealed.

30. As a result of the defendants' misconduct, JABRIEL and ARIEL sustained damages, including, without limitation, deprivation of their liberty, pain and suffering, and emotional distress.

31. Plaintiff SIERA also sustained damages including, without limitation, deprivation of her liberty and emotional distress.

32. Defendants MANNI and JOHN and JANE DOE 1 through 10 directly participated in or were present or otherwise aware of the incident and yet failed to intervene despite a meaningful opportunity to do so or supervised and participated in the illegal conduct described herein.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of improperly arresting individuals in retaliation for their words, not actions.

34. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers engage in improper retaliatory arrests in response to civilians exercising their right to free speech, and often also engage in excessive force when making such arrests. *See e.g.*, *David Boone v. City of New York, et al.,* 23 CV 2019 (NRB);

*Ricardo McDonald v. City of New York, et al.*, 22 CV 06619 (NRM)(CLP); *Floyd Wilson v. City of New York, et al.*, 20 CV 5550 (VEC); *Peter Babadaglian v. City of New York et al.*, 19 CV 4136 (NG) (ST).

35. Despite such notice, defendant CITY OF NEW YORK has failed to take adequate corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights. yet this practice has continued and

36. Defendant CITY OF NEW YORK is also aware that NYPD officers, including the defendants, are insufficiently trained regarding the probable cause required to stop and question individuals and to arrest individuals.

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendants)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants detained SIERA and arrested ARIEL and JABRIEL without probable cause, causing them to be deprived of their liberty against their will for an extended period of time.

47. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

48. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named Defendants)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff JABRIEL's constitutional rights.

51. As a result of the aforementioned conduct of defendants, plaintiff JABRIEL was subjected to excessive force and sustained physical injuries.

52. As a result of the foregoing, plaintiff JABRIEL is entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of First Amendment under 42 U.S.C. § 1983 against the Individually Named Defendants)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. In committing the acts and omissions complained of herein, defendants acted under color of state law, individually and in concert, to deprive plaintiffs of the rights protected by the First Amendment to the United States Constitution by targeting plaintiffs JABRIEL and ARIEL for law enforcement action in retaliation for exercising their right to free speech.

55. As a result of the foregoing, plaintiffs ARIEL and JABRIEL are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individually Named Defendants)

56. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants created false evidence against plaintiffs ARIEL and JABRIEL.

58. Defendants utilized this false evidence against plaintiffs ARIEL and JABRIEL in legal proceedings.

59. As a result of defendants' creation and use of false evidence, plaintiffs ARIEL and JABRIEL suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

60. As a result of the foregoing, plaintiffs ARIEL and JABRIEL are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against the Individually Named Defendants)

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants initiated, commenced, and continued a malicious prosecution against plaintiffs ARIEL and JABRIEL.

63. Defendants caused plaintiffs ARIEL and JABRIEL to be prosecuted without any probable cause until the charges were dismissed on or about July 27, 2023.

64. As a result of the foregoing, plaintiffs ARIEL and JABRIEL are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(<u>Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants</u>)

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants had an affirmative duty to intervene on behalf of plaintiffs whose constitutional rights were being violated in their presence by other officers.

67. The defendants failed to intervene to prevent the unlawful conduct described herein.

68. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(<u>Supervisory Liability under 42 U.S.C. § 1983 against the Individually Named Defendants</u>)

69. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendant KORYCKI personally caused plaintiffs constitutional injury by being personally involved in the above misconduct and deliberately or consciously indifferent to the rights of plaintiffs in failing to properly supervise and train his subordinate employees.

71. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an

amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

72. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included but were not limited to arresting individuals without probable cause in retaliation for their words, and frequently engaging in excessive force to effectuate said arrests.

75. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the

safety, well-being, and constitutional rights of plaintiffs.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

79. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were detained without probable cause.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

81. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right: To be free from seizure and arrest not based upon probable cause.

82. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## Supplemental State Law Claims

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Within ninety (90) days after the claim herein accrued, plaintiffs duly served

upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

85. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

86. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

87. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

88. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>False Arrest under the laws of the State of New York against All Defendants</u>)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants arrested plaintiffs without probable cause.

91. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

92. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

93. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

94. The individually named defendants caused the wrongful arrests of plaintiffs.

Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

95. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against All Defendants)

96. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

98. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99. The individually named defendants assaulted plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

100. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

101. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Defendants made offensive contact with plaintiffs without privilege or consent.

103. As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

105. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York against All Defendants)

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiffs ARIEL and JABRIEL.

108. Defendants caused plaintiffs ARIEL and JABRIEL to be prosecuted without probable cause until the charges were dismissed on or about July 27, 2023.

109. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

15

110. As a result of the foregoing, plaintiffs ARIEL and JABRIEL are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

111. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

113. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

115. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

117. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

118. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. Plaintiffs right to be free from, *inter alia*, false arrest, excessive force, denial of his right to fair trial, and/or malicious prosecution, were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

120. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

121. Qualified immunity is no defense to this claim.

122. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 15, 2025

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiffs
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
>      BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SIERA DANIELS, ARIEL MITCHELL, and
JABRIEL MITCHELL,

                                        Plaintiffs,

                                        24 CV 7001 (BMC)

      -against-

CITY OF NEW YORK, RAFAL KORYCKI, Individually,
VICKRAM MANNI, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

# AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132